PARKVIEW HOLDING CORPORATION, Appellant, *v.* ALCOR REALTY CORPORATION, Respondent.

First Department, May 25, 1928.

*Louis Susman* of counsel [*Oliver E. Davis*, attorney], for the appellant.

*Norbert Ruttenberg* of counsel [*Nathan Siegel, Jr.*, with him on the brief; *Ruttenberg & Ruttenberg*, attorneys], for the respondent.

MARTIN, J.   The purpose of this action is to recover a down payment of $5,000 made pursuant to a contract for the purchase of real property located in the borough of The Bronx, entered into between the defendant and plaintiff's assignor.

The complaint alleges that the defendant and one Pedersen, plaintiff's assignor, entered into two written contracts for the sale of real property which contracts were simultaneously executed; that the purchase price agreed upon was $100,000, payable $28,750 by the purchaser taking title subject to that portion of a first mortgage of $57,500 which was a lien on said premises; $46,250 by executing and delivering a bond and mortgage for such amount, $5,000 upon the signing of the contract and $20,000 in cash upon the delivery of the deed.

It is set forth that Pedersen paid the $5,000 down payment required by the contract upon signing it; and that thereafter for a valuable consideration he duly assigned to the plaintiff all his right, title and interest in the contract.

It is further alleged that on July 3, 1924, the adjourned date of the closing, " the plaintiff was present, ready, willing and able to perform and do everything in the agreement contained on its part to be performed, and on the said day duly tendered the balance of the amount, to wit:  Twenty thousand ($20,000) dollars upon the receipt of a deed to the said premises pursuant to the terms as set forth in the contract as shown in ' Exhibits A and B,' and duly tendered and offered to carry out the terms of said contract; provided the defendant would convey said premises to plaintiff in accordance with the provisions of said contract."

In the " fourteenth " paragraph of the complaint it is set forth, upon information and belief, that the defendant was unable to deliver a deed in accordance with the contracts, reference being

made to a clause which provides that " The reservation of right of way over a portion of said parcel of land referred to in the annexed contract in subdivision 3 thereof, will be entirely released and the said parcel of land will be free and clear thereof, upon the payment to said Broadway Savings Institution of said sum of $28,750 with interest."

We agree with the appellant's contention that the two contracts are to be read together, and that the vendor is, therefore, required to convey a title under which the right of way can be released on payment of $28,750 and interest. The complaint, however, is defective.

The plaintiff says that an examination of the records in the office of the register of Bronx county disclosed the fact that more than $28,750 would be required to release this right of way.

The only allegation of breach is that there is a record in the office of the register which shows a certain condition. It is nowhere alleged that the defendant is not able to perform or that he was unable or refused to perform, excepting as indicated by the record in the register's office.

Irrespective of what may be shown by the records, the defendant at the time of closing title may have been able to comply with the obligations he incurred in the contracts which are involved in this litigation. Although a mortgage appear of record it may have been paid or the seller may have arranged to be in a position to tender a satisfaction piece at the time of closing.

The right to a return of the down payment does not depend upon what may appear in the register's office, but upon the inability of the seller to perform his contract.

The complaint is defective and was properly dismissed. The failure to set forth facts, which if proved, would establish the plaintiff's right to recover may have been inadvertent.

The order should, therefore, be affirmed, with ten dollars costs and disbursements to the respondent, with leave to the plaintiff to serve an amended complaint within twenty days from service of order with notice of entry thereof, upon payment of said costs and ten dollars costs of motion at Special Term.

DOWLING, P. J., McAVOY, O'MALLEY and PROSKAUER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.